1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

DAVID S. APPERSON,

CASE NO. C21-5330-JCC

10

Plaintiff,

ORDER

11

v.

12

JUDGE KARENA K. KIRKENDOLL, *et al.*,

13

Defendants.

14

15    This matter comes before the Court *sua sponte*. On May 12, 2021, the Honorable J.

16    Richard Creatura, United States Magistrate Judge, granted Plaintiff's motion to proceed *in forma*

17    *pauperis* and recommended the Court review the complaint under 28 U.S.C. § 1915(e)(2)(B)

18    prior to the issuance of a summons. (Dkt. No. 3.)

19    Plaintiff brings suit against the Honorable Karena K. Kirkendoll, Pierce County Superior

20    Court Judge, and Attorneys Brian Holden and Stephen Fisher, pursuant to 42 U.S.C. §§ 1983 and

21    1985. (Dkt. No. 4.) It appears that Plaintiff is alleging Defendants conspired to deprive him of his

22    Veterans Affairs benefits when they participated in a garnishment proceeding relating to the

23    satisfaction of a child support obligation. (Dkt. No. 4 at 5–6.) Plaintiff asserts that this was an

24    unlawful act in that any child support obligation based in state law is preempted by federal law.

25    (*Id.* at 5 (citing 38 U.S.C. §§ 511(a), 5301(a)).)

26

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint at any time if it fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. To avoid dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Therefore, a complaint must be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

Even liberally construing Plaintiff's complaint, *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), the Court finds that Plaintiff fails to state a claim for which relief can be granted. Plaintiff's claims under 42 U.S.C. § 1983 and § 1985 are not legally cognizable. Those statutes provide a cause of action for certain civil rights violations made under color of state law. *West v. Atkins*, 487 U.S. 42, 49 (1988). But Plaintiff fails to articulate a civil rights violation, as garnishments of VA benefits made to satisfy child support obligations are permissible under federal law. *Rose v. Rose*, 481 U.S. 619, 626 (1987). Moreover, judicial immunity applies to Judge Kirkendoll and the complaint contains no allegations suggesting that the attorney Defendants were acting under the color of state law, thereby preluding an action brought pursuant to 42 U.S.C. §§ 1983 and 1985.

For the reasons described above, the complaint (Dkt. No. 4) is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk is DIRECTED to close this case.

DATED this 13th day of May 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE